18895. RYAN, trustee, *v.* RICHARDSON.

DECIDED JUNE 13, 1928.

*Lawson & Ware,* for plaintiff.
*M. H. Boyer, H. E. Coates,* for defendant.

LUKE, J. L. C. Ryan, as trustee in bankruptcy for E. D. Richardson, brought an action in trover against Mrs. E. D. Richardson, wife of the bankrupt, for 7 mules, 750 bushels of corn, 45 hogs, and a lot of farming implements. Mrs. Richardson admitted possession of the property, denied its "quantity" and value as alleged, and claimed title in herself. By an amendment, allowed over objection, she alleged that prior to the filing of the petition in bankruptcy and to the filing of the trover action one of the mules died, and she turned back to W. E. Chancey two mules to be credited on the purchase-money note held by him for them; and that at the time of the filing of the action she had only five mules in her possession, —all of which were subject to Chancey's lien and in which she had only an equity. The verdict was for the defendant, and the plaintiff excepted. Richardson was adjudicated a voluntary bankrupt

on January 16, 1926, and the present action was brought to the June, 1926, term of court.

There was evidence to this effect: Because of the ravages of the boll-weevil, Richardson lost his farm and his credit, and could no longer operate in his own name. He was harassed with judgments and garnishments, and was hopelessly insolvent. His wife had a small credit, and in 1923 they agreed that he, as her agent, should run the farm formerly owned and cultivated by him. This arrangement continued during the years 1924 and 1925, Richardson giving his note for the rent of the land, but paying it from the earnings of the farm. The farm was financed on Mrs. Richardson's credit and money made out of the farming operations. During these two years a profit was made on the farm, but the money was used by Richardson in educating his children at college. The mules were owned by Richardson, and he turned over the equity in them to Mrs. Richardson in lieu of the profits from the farm. For the same consideration Richardson delivered to his wife the other property sued for, except the products of the farm during the years 1924 and 1925, these being claimed by Mrs. Richardson as her own property. The corn was made on the farm in 1925. The hogs were the offspring of hogs formerly owned by Richardson. The farming utensils had been his. The foregoing is not, and is not intended to be, a full statement of the evidence in the case. It is, however, indicative of the contentions of the parties as presented by the evidence. The bona fides of the transactions between husband and wife is the main issue in the case.

1. There was some evidence to support the verdict, and this court can not reverse the judgment of the court below upon the general grounds of the motion for a new trial.

2. It was not prejudicial error for the court to allow the amendment to the answer, showing the interest actually claimed by Mrs. Richardson in the mules, or to overrule the demurrer alleging that the amendment was irrelevant and immaterial, or to admit in evidence the retention-of-title note from E. D. Richardson to W. E. Chancey, given on October 18, 1923, for the mules.

3. The foregoing covers the exceptions made, and for no reason alleged should the judgment be reversed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*